By the Court:
The question involved is whether the burden of caring for insane persons in needy circumstances, who can not be admitted to an asylum, rests upon the county in which they have a legal settlement, or must be borne by the township in which they reside. If the burden rests upon the county, there was no error in the judgment of the circuit court. The subject is regulated by statute, the provision of which must determine the controversy. Our statute provides that each county is entitled to send patients to the asylum of the district in which such county is situated, in proportion to the population of such county; that the medical superintendent of each of the asylums shall inform the probate judge of the different counties comprising the district, monthly, of the quota of patients to which each county is entitled, and the number in the asylum from. said county; that the probate judge, when a person is adjudged insane, shall apply to the superintendent of the asylum for the insane situated in the district in which such patient resides, for admission of such insane person thereto; and upon receiving the application the superintendent shall immediately advise the probate judge whether the patient can be received; and, that when a patient is sent to the asylum for the insane, the probate judge shall see that he is supplied with the proper clothing, and, if not otherwise furnished, he shall furnish such clothing, and in such case, the same shall be paid for upon his certificate *338 and the order of the county auditor, out of the county treasury. Sections 698 to 706, Revised Statutes.
Then Section 707 contains the provision that, “if a person found to be insane cannot be admitted into the asylum, the probate judge shall direct the sheriff of the county, or some other suitable person, to take charge of such insane person until the cause of non-admission is removed, and if necessary, he may direct the confinement of such insane person in the county infirmary or jail (but not in the same room with a person charged with or convicted of a crime), as the circumstances require; and if all things needful are not otherwise supplied, he shall furnish them, and in that case, they shall be paid for out of the county treasury, on the certificate of the probate judge; but he shall not in any case furnish anything to * * * a person who is not in needy circumstances.”
These provisions govern the case; and from them, it seems reasonably clear that the county is ultimately bound for the payment of the expense of taking care of all insane persons having a settlement therein, who are in needy circumstances, and cannot be received into an asylum. And it sufficiently appears from the petition that the persons for whose support the action below was brought were committed to the care of the superintendent of the plaintiff’s infirmary, because he was found to be a suitable person to have the care of them, and they could not legally be admitted to an asylum.
Judgment affirmed.